**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

December 15, 2021

LETTER TO COUNSEL:

      RE:    *Curtis H. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
              Civil No. TJS-20-2730

Dear Counsel:

On September 22, 2020, Plaintiff Curtis H. petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 14 & 17. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Curtis H. filed his applications for disability benefits on September 12, 2017. Tr. 25. He alleged a disability onset date of February 1, 2016. *Id.* His applications were denied initially and upon reconsideration. *Id.* Curtis H. requested an administrative hearing and a hearing was held on April 21, 2019, before an Administrative Law Judge ("ALJ"). Tr. 50-93. In a written decision dated October 1, 2019, the ALJ found that Curtis H. was not disabled under the Social Security Act. Tr. 25-43. The Appeals Council denied Curtis H.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-4.

The ALJ evaluated Curtis H.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§§ 404.1520, 416.920. At step one, the ALJ found that Curtis H. had not engaged in substantial gainful activity since February 1, 2016, the alleged onset date. Tr. 28. At step two, the ALJ found that Curtis H. suffered from the following severe impairments: degenerative disc disease and right patellar enthesophyte. *Id.* At step three, the ALJ found Curtis H.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 32-33. The ALJ determined that Curtis H. retained the residual functional capacity ("RFC") to:

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On November 30, 2021, it was reassigned to me.

perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant could only stand and/or walk for five hours in an 8-hour workday. The claimant could frequent[ly] operate foot controls with the right foot. The claimant could only frequently climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, and occasionally climb ladders, ropes and scaffolds. The claimant must avoid concentrated exposure to extreme cold, wetness, excessive vibration, hazardous moving machinery, and unprotected heights.

Tr. 34.

At step four, the ALJ determined that Curtis H. was unable to perform past relevant work. Tr. 40. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Curtis H. can perform, including clerical checker, routing clerk, and inspector. Tr. 41. Accordingly, the ALJ found that Curtis H. was not disabled under the Social Security Act. Tr. 41-43.

Curtis H. argues that the ALJ improperly evaluated his subjective complaints. ECF No. 14-1 at 3-8. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. *Id.* §§ 404.1529(b). 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors— to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Social Security Administration*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* A claimant is entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ properly evaluated Curtis H.'s subjective complaints. The ALJ's written decision contains an extensive summary of Curtis H.'s subjective complaints. The ALJ first found that Curtis H.'s severe impairments could reasonably be expected to produce his alleged symptoms. The ALJ then proceeded to consider Curtis H.'s allegations in concert with the other evidence in the record, including the opinions of the State agency consultants, treatment records, and

diagnostic test results. In considering all of the evidence, the ALJ explained his finding that Curtis H.'s statements about the severity of his symptoms were inconsistent with other evidence in the record. The ALJ noted several instances of normal findings in medical notes, as well as the lack of any objective finding of arthritis in the claimant's knees, both of which are inconsistent with Curtis H.'s allegations of disabling pain. Tr. 37-39. The ALJ found that Curtis H.'s medical providers recommended only conservative treatment, including "over the counter treatment, prescription strength ibuprofen, recommending heat, use of a brace, and most recently, injections," which is also inconsistent with Curtis H.'s statements of disabling pain. Tr. 39. And the ALJ found that the opinions of the State agency medical consultants were overly restrictive given Curtis H.'s improvement since the date of the opinions, and because the opinions were inconsistent with other medical opinions in the record. Tr. 37-40.

Contrary to Curtis H.'s argument, the ALJ did not wholly disregard his subjective complaints in favor of objective evidence. Instead, the ALJ properly considered all of the evidence in the record, including Curtis H.'s subjective allegations and objective evidence of his condition and treatment over time, to conclude that Curtis H. had overstated the degree to which his pain was disabling. The ALJ's opinion is well reasoned, is supported by substantial evidence, and demonstrates that the ALJ complied with the governing legal standards. The Court rejects Curtis H.'s conclusory and undeveloped arguments to the contrary.

For the reasons set forth herein, Curtis H.'s Motion for Summary Judgment (ECF No. 14) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 17) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge